# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:19-cv-00080-FDW

| | | |
|---|---|---|
| KEVIN DREW BURCHETTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| JAKE J. BROWN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's letter [Doc. 18], which the Court construes as a motion seeking general undefined relief.

The Plaintiff filed a Complaint on June 7, 2019, under 42 U.S.C. § 1983, against eleven defendants. [Doc. 1]. The Court has not yet conducted initial review of Plaintiff's Complaint. The Plaintiff has filed numerous improper documents with the Court purporting to set forth additional allegations and evidence. [See Docs. 11, 17].

In motion before the Court, the Plaintiff states, in part, that he would like to make whatever motion necessary "for the Courts too [*sic*] come to a resolution or disposition of this Civil Matter." [Doc. 18]. He also states:

> This been said I would like also like too make the Courts aware that I dont understand why this simple civil proceedings is made to be so complicated and complex? I have addressed my Complaint and relief requested as well as provided evidence in support of. But yet I have to inform the Courts too proceed in order to conduct the matter in a timely, honorable, and diplomatic fashion.

[Id. (grammatical and spelling errors uncorrected)].

First, as noted above, the Court has not yet conducted initial review of Plaintiff's

Complaint. The Defendants in this case will be ordered to Answer the Plaintiff's Complaint only if it survives initial review. If it does not survive initial review, it will be dismissed. The Court notes that filing unnecessary documents such as the one at issue in this Order only slows down the judicial process and takes the Court's resources away from addressing matters like the initial review of plaintiffs' complaints brought under Section 1983.

Second, the additional documents Plaintiff has filed with the Court in support of his Complaint [Docs. 11, 17] are improper and will be stricken by the Court. Should Plaintiff wish to amend his Complaint to include anything from these documents, then he may do so in accordance with the Federal Rules of Civil Procedure.

The Court notes, however, that to amend his Complaint, Plaintiff may not simply add to or correct allegations of his already existing Complaint. Rather, he must make a motion and submit a proposed amended Complaint that contains all claims he intends to bring in this action against all Defendants he intends to sue and states all relief he is seeking. That is, a plaintiff may not amend his Complaint in piecemeal fashion. Furthermore, once Plaintiff amends his Complaint, the original Complaint will be superseded, meaning that if an amended Complaint omits claims raised in the original Complaint, the plaintiff has waived the omitted claims. Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

Finally, the Court refers the Plaintiff to the Rules of Federal Procedure, generally, as his motion before the Court reflects a misunderstanding of how this matter will proceed. The Court does not simply "come to a resolution or disposition with this Civil Matter" at this phase of the proceedings, unless, when the Court reviews the Plaintiff's Complaint, the Court determines that it is frivolous or fails to state a claim cognizable under federal law.

The Court will, therefore, deny the Plaintiff's motion and will strike the Plaintiff's

improper submissions from the record in this matter.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's motion [Doc. 18] is **DENIED.**

(2) Docket entries 11 and 17 are hereby **STRICKEN** from the record in this matter.

Signed: September 23, 2019

Frank D. Whitney
Chief United States District Judge