UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-00080-FDW

| KEVIN DREW BURCHETTE, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| ERIK A. HOOKS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint filed under 42 U.S.C. § 1983 [Doc. 23], see 28 U.S.C. § 1915(a), which the Court also construes a motion to amend Complaint.

## I.  BACKGROUND

On June 7, 2019, Plaintiff Kevin Drew Burchette ("Plaintiff"), who is currently incarcerated at Ashe County Detention Center in Jefferson, North Carolina, filed a Complaint under 42 U.S.C. § 1983 against eleven defendants. [Doc. 1]. Thereafter, Plaintiff moved to amend his Complaint but failed to include a proposed amended complaint with that motion. [Doc. 21]. Plaintiff indicated that he would be "seeking to make this a class action suit and change the defendants, add some plaintiffs and change the legal claim please." [Id.]. The Court denied Plaintiff's motion without prejudice and advised Plaintiff of the requirements under Rules 18(a) and 20(a)(2) of the Federal Rules of Civil Procedure regarding joinder of claims and joinder of parties should he choose to file an amended complaint. [Doc. 22].

On December 23, 2019, Plaintiff filed a proposed Amended Complaint [Doc. 23], which the Court also construes as a motion to amend. Plaintiff's Amended Complaint purports to be

brought on behalf of Plaintiff, Ethan B. Chambers ("Plaintiff Chambers"), Skylar Branson ("Plaintiff Branson"), and "Multitude of John Doe's/Supervisee's/Victims" ("John Doe Plaintiffs"). [Doc. 23 at 2, 12]. Plaintiff identifies Plaintiffs Chambers and Branson as inmates at the Ashe County Detention Center. [Id. at 12]. Plaintiff names the following individuals as Defendants in this matter: (1) Erik A. Hooks, identified as the Secretary of the Department of Public Safety; (2) Willis J. Fowler, identified as Chairman of the Commission; (3) Graham H. Atkinson, identified as Commissioner for Commission; (4) Eric A. Montgomery, identified as Commissioner for Commission; (5) Angela R. Bryant, identified as Commissioner for Commission; (6) Barry W. Cox, identified as "CPPO;" (7) Jake J. Brown, identified as "P/PO;" (8) Lisa J. Hunt, identified as "CPPO;" and (9) Kevin G. Gallimore, identified as "P/PO." [Doc. 23 at 2-3, 12-13].

Plaintiff generally claims violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution, which he describes as "ultimately deprivation of life." [Doc. 1 at 3]. As grounds under § 1983, Plaintiff states, "conversion of legislative mandates into excessive false imprisonment terms." [Id. at 4]. Plaintiff alleges that the incompetence of the Department of Public Safety has "victimized a multitude of citizens or defendants, making for disproportionate and excessive imprisonment terms." [Id. at 14]. Plaintiff alludes to "manipulate[ion of] the statutory mandates imposed" for post-release supervisees. [Id.]. As for facts particular to Plaintiff, he alleges that he was in the custody of the Ashe County Detention Center, serving two presumably consecutive terms of incarceration. He claims his custodial sentence should have ended on April 13, 2018. [Id. at 15]. Plaintiff further alleges as follows:

> Now on April 14, 2018 I was falsely and wrongfully imprisoned and "deprived my liberty and life" because of this mis-application. This imprisonment term was to terminate at maximum imposed April 13 2018 per commencement of the post-release supervision which is a

> 9 month 270 day term post the maxima. Then on July 7, 2018 I was falsely arrested on a Commission Warrant and then falsely and wrongfully imprisoned for 366 days or until July 8, 2019 without even a bond.

[Doc. 1 at 15]. Ultimately, Plaintiff claims he "was detained without bond for 366 days in relations to this misadministration." [Id. at 4]. Plaintiff makes no particular allegation relative to any named Defendant in this matter, other his allegation that "[i]t's the Secretary of Public Safety's responsibility as to the control and custody of all prisoners or defendants serving an imprisonment term." [Id. at 15].

For relief, Plaintiff seeks declaratory and injunctive relief, as well as $108,000 in damages for himself and $150 million in damages for the class of victims he intends to name but has not yet identified. [Doc. 1 at 5].

## II. STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

3

However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.   DISCUSSION

The Plaintiff's Complaint fails initial review for several reasons.

First, Plaintiff's claim appears to be based on what he contends is a wrongful arrest and/or charge in criminal proceedings in State court, being detained on this charge without bond, and, possibly, on his having served an extra day in prison in relation to State convictions. Plaintiff's claim, therefore, is barred by Heck v. Humphries, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, given the nature of much of the allegations in the Complaint, a judgment in Plaintiff's favor would necessarily imply the invalidity of a conviction or sentence in the underling criminal matter(s). Plaintiff, however, has not alleged

4

that his conviction(s) or sentence has been reversed or otherwise invalidated. Therefore, his Complaint is barred by Heck.

Further, Plaintiff complains that he was wrongfully arrested, but does not allege whether the criminal proceedings related to the offense at issue are ongoing, although Plaintiff does allege he was released on July 8, 2019. In Younger v. Harris, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. 37, 43-44 (1971). Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Here, the Court lacks sufficient information to determination whether the elements of Younger have been met, but they very well may be.

Even if Heck and Younger did not apply, Plaintiff has, nonetheless, failed to state a claim as to any Defendant. Plaintiff alleges nothing that can be construed to support any personal participation by any Defendant in violation of Plaintiff's constitutional rights. As such, Plaintiff's claim against Defendants appear to be based on supervisory liability, which is not a recognized basis for liability in § 1983 cases, in any event. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that under § 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply). Plaintiff, therefore, has failed to state a claim against any Defendant.

Furthermore, even if Plaintiff had stated a claim, which he has not, the Court would not allow this lawsuit to proceed as a class action. First, Plaintiffs have not established that the four prerequisites to a class action under Rule 23(a) of the Federal Rules of Civil Procedure, i.e., numerosity, typicality, commonality, and adequacy of representation, are met in this case. Fed. R.

5

Civ. P. 23(a).  In fact, no allegations regarding Plaintiffs Chambers and Branson even appear in the Complaint.  Furthermore, although each plaintiff may appear on his own behalf, he may not appear as an attorney for other persons in a class action.  McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer had no authority to appear as an attorney for other persons in a purported class action); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to permit an inmate proceeding pro se to represent fellow inmates in a class action).  Accordingly, certification of this lawsuit as a class action is inappropriate.

Finally, as for the fact that this case involves multiple prisoner plaintiffs, Rule 20 of the Federal Rules of Civil Procedure provides that plaintiffs may join in one action if they assert any right to relief arising out of the same occurrence or series of occurrences and if any question of law or fact in common to all plaintiffs will arise in the action.  See Fed. R. Civ. P. 20.  Rule 21 of the Federal Rules of Civil Procedure, however, authorizes the Court to drop parties and to sever claims on just terms.  See Fed. R. Civ. P. 21.  This Court finds that, even if Plaintiffs had stated a claim and were properly joined, allowing this action to go forward as it currently stands would simply create too many logistical problems for the Court and for the parties.  Plaintiffs are inmates proceeding pro se, and, although each plaintiff may appear on his own behalf, none may appear as an attorney for the others.  Johns v. Cnty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997).  Therefore, during the prosecution of this action, each plaintiff would be required to sign and submit his own motions and notices related to his claims in the action, and all plaintiffs would be required to individually sign any motion or notice filed on behalf of all plaintiffs.  Furthermore, because of prison regulations of inmate-to-inmate correspondence, Plaintiffs would have, at most, a very limited opportunity to discuss case strategy, share discovery, or even provide each other copies of the motions and notices they file with the Court.  As such, these Plaintiffs must proceed separately,

if at all.

As such, the Court will allow Plaintiff thirty (30) days to amend his Complaint in accordance with all terms of this Order, taking into account all of the Court's holdings. The Plaintiff is again advised that to amend his Complaint, Plaintiff may not simply add or modify allegations to his already existing Complaint. Rather, he must submit an amended complaint that contains all claims he intends to bring in this action against all Defendants he intends to sue. That is, a plaintiff may not amend his Complaint in piecemeal fashion. Furthermore, once Plaintiff amends his Complaint, the original Complaint will be superseded, meaning that if an amended Complaint omits claims raised in the original Complaint, the plaintiff has waived the omitted claims. Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

## IV. CONCLUSION

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to amend his complaint in accordance with this Order. If Plaintiff fails to timely amend his Complaint in accordance with the terms of this Order, the Complaint will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have thirty (30) days in which to amend the complaint in accordance with the terms of this Order. If Plaintiff fails to amend the complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

2. Plaintiff's motion to amend [Doc. 23] is **GRANTED** and Plaintiff's Proposed Amended Complaint [Doc. 23] shall be docketed as Plaintiff's Amended Complaint.

3. The Clerk is respectfully instructed to docket Plaintiff's Proposed Amended Complaint [Doc. 23] as Plaintiff's Amended Complaint and to amend the named Defendants

accordingly.

4. The Clerk is respectfully instructed to mail Plaintiff a new Section 1983 form for Plaintiff to submit an amended complaint, if he so wishes.

Signed: February 3, 2020

Frank D. Whitney
Chief United States District Judge