# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:19-cv-00080-FDW

| | |
|---|---|
| KEVIN DREW BURCHETTE, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ERIK A. HOOKS, et al., ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Second Amended Complaint filed under 42 U.S.C. § 1983 [Doc. 26]. See 28 U.S.C. §§ 1915(a), 1915A.

## I. BACKGROUND

On June 7, 2019, Plaintiff Kevin Drew Burchette ("Plaintiff"), who is currently incarcerated at Ashe County Detention Center in Jefferson, North Carolina, filed a Complaint under 42 U.S.C. § 1983 against eleven defendants. [Doc. 1]. Thereafter, Plaintiff moved to amend his Complaint, but failed to include a proposed amended complaint with that motion. [Doc. 21]. Plaintiff indicated that he would be "seeking to make this a class action suit and change the defendants, add some plaintiffs and change the legal claim please." [Id.]. The Court denied Plaintiff's motion without prejudice and advised Plaintiff of the requirements under Rules 18(a) and 20(a)(2) of the Federal Rules of Civil Procedure regarding joinder of claims and joinder of parties should he choose to file an amended complaint. [Doc. 22].

On December 23, 2019, Plaintiff filed a proposed Amended Complaint [Doc. 23], which the Court also construed as a motion to amend. Plaintiff's Amended Complaint purported to be brought on behalf of Plaintiff, Ethan B. Chambers ("Plaintiff Chambers"), Skylar Branson

("Plaintiff Branson"), and "Multitude of John Doe's/Supervisee's/Victims" ("John Doe Plaintiffs"). [Doc. 23 at 2, 12]. Plaintiff identified Plaintiffs Chambers and Branson as inmates at the Ashe County Detention Center. [Id. at 12]. Plaintiff named the following individuals as Defendants in this matter: (1) Erik A. Hooks, identified as the Secretary of the Department of Public Safety; (2) Willis J. Fowler, identified as Chairman of the Commission; (3) Graham H. Atkinson, identified as Commissioner for Commission; (4) Eric A. Montgomery, identified as Commissioner for Commission; (5) Angela R. Bryant, identified as Commissioner for Commission; (6) Barry W. Cox, identified as "CPPO;" (7) Jake J. Brown, identified as "P/PO;" (8) Lisa J. Hunt, identified as "CPPO;" and (9) Kevin G. Gallimore, identified as "P/PO." [Doc. 23 at 2-3, 12-13].

Plaintiff generally claimed violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution, which he described as "ultimately deprivation of life." [Doc. 1 at 3]. As grounds under § 1983, Plaintiff stated, "conversion of legislative mandates into excessive false imprisonment terms." [Id. at 4]. Plaintiff alleged that the incompetence of the Department of Public Safety has "victimized a multitude of citizens or defendants, making for disproportionate and excessive imprisonment terms." [Id. at 14]. Plaintiff alluded to "manipulate[ion of] the statutory mandates imposed" for post-release supervisees. [Id.]. As for facts particular to Plaintiff, he alleged that he was in the custody of the Ashe County Detention Center, serving two presumably consecutive terms of incarceration. He claimed his custodial sentence should have ended on April 13, 2018. [Id. at 15]. Plaintiff further alleged as follows:

> Now on April 14, 2018 I was falsely and wrongfully imprisoned and "deprived my liberty and life" because of this mis-application. This imprisonment term was to terminate at maximum imposed April 13 2018 per commencement of the post-release supervision which is a 9 month 270 day term post the maxima. Then on July 7, 2018 I was falsely arrested on a Commission Warrant and then falsely and

2

wrongfully imprisoned for 366 days or until July 8, 2019 without even a bond.

[Doc. 1 at 15]. Ultimately, Plaintiff claimed he "was detained without bond for 366 days in relations to this misadministration." [Id. at 4]. Plaintiff made no particular allegation relative to any named Defendant, other than his allegation that "[i]t's the Secretary of Public Safety's responsibility as to the control and custody of all prisoners or defendants serving an imprisonment term." [Id. at 15].

For relief, Plaintiff sought declaratory and injunctive relief, as well as $108,000 in damages for himself and $150 million in damages for the class of victims he intends to name but has not yet identified. [Doc. 1 at 5]. The Court conduct initial review of Plaintiff's amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. On initial review, Plaintiff's amended complaint failed for several reasons. In short, these include that it was barred by Heck v. Humphries, 512 U.S. 477 (1994), and that Plaintiff failed to state a claim upon which relief could be granted against any Defendant. The Court also noted that Plaintiff's claims may be barred by the Younger abstention doctrine, in any event. Younger v. Harris, 401 U.S. 37, 43-44 (1971). The Court also advised Plaintiff that even if he had stated a claim, the Court would not allow the lawsuit to proceed as a class action. The Court allowed Plaintiff yet another opportunity to amend his complaint. [Doc. 24].

Thereafter, Plaintiff filed his second amended complaint, which is now before the Court for review. In his second amended complaint, Plaintiff again names Defendants Brown, Cox, Fowler, and Hooks, but excludes the remaining Defendants that he named in is amended complaint. [Doc. 26, see Doc. 25]. Plaintiff claims his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendment to the U.S. Constitution, as well as his "inalienable human rights" have been violated. [Doc. 26 at 3]. For relief in his second amended complaint, Plaintiff seeks

declaratory and injunctive relief and monetary damages. [Id. at 5].

## II. STANDARD OF REVIEW

The Court must review Plaintiff's second amended complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the second amended complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

In Plaintiff's second amended complaint, Plaintiff sets out his allegations with some amount of additional clarity. Plaintiff, however, despite the Court's explicit instructions, failed to show that his complaint is not barred by Heck. [See Doc. 24, 26]. Plaintiff simply offers the bare assertion that "this Complaint has no baren [*sic*] for pending Charges," [Doc. 26 at 4] yet all indications are that it is, in fact, barred by Heck. Because, under Heck, the Court lacks jurisdiction over this case, it must be dismissed. Because the Court has allowed Plaintiff the opportunity to

amend his complaint already, the Court will dismiss Plaintiff's second amended complaint with prejudice. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

## IV.	CONCLUSION

For the reasons stated herein, Plaintiff's second amended complaint is dismissed with prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Second Amended Complaint [Doc. 26] is **DISMISSED WITH PREJUDICE.**

2. The Clerk is respectfully instructed to terminate this action.

Signed: March 25, 2020

Frank D. Whitney
Chief United States District Judge